WILLIAMS, Judge.
Defendant Merteal Moran was convicted by a twelve person jury of manslaughter in violation of La.R.S. 14:31. He was sentenced to twenty-one years at hard labor. It is from this conviction that defendant appeals, assigning three errors in the court below as a basis therefor.
Defendant’s wife had moved into his apartment after a separation when she was shot and killed at about 10:30 p.m. on April 12, 1984. Three neighbors testified at trial as to the events of the evening. One neighbor heard arguing and a shouting male voice in the apartment about 5:00 or 6:00 p.m. the evening of the murder. She testified that later in the evening she heard an “unusual sound” in the apartment, a sigh, and then the sound of someone carrying a heavy object downstairs. Another neighbor testified that she heard a loud noise in defendant’s apartment at 10:30 p.m. A third neighbor said that the second neighbor told her about the noise and that they both saw defendant leaving the apartment ten minutes later carrying his wounded wife. Defendant told the neighbors that he had accidentally shot her while cleaning his gun.
At trial, the pathologist who examined the decedent testified that she had been shot from above at close range. This was not consistent with defendant’s story. The pathologist also testified that there were bruises on decedent’s body that had been inflicted minutes before death. He stated that these bruises might have been caused by a shotgun barrel.
ASSIGNMENT OF ERROR NO. 1
Defendant contends that the evidence introduced at trial was insufficient to support his conviction.
We have reviewed the evidence presented at trial in the light most favorable to the prosecution and have found that a rational trier of fact could have found defendant to be guilty of the essential elements of manslaughter beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The pertinent section of La.R.S. 14:31 states:
*340 Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed; ...
Based upon the testimony of defendant’s neighbors and of the pathologist, a jury could have rejected defendant’s claim that his gun misfired, and could have rationally decided that the killing was committed during the course of an argument and, therefore, in the “heat of blood.”
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
The defense alleges that the trial court committed error in allowing Dr. Ralph McGarry, the pathologist, to testify as to the decedent’s trauma and the distance of the weapon from the wound as this was outside of the area of the witness’s expertise.
Dr. McGarry was qualified, without objection, as an expert in the fields of pathology and trauma. When he began testifying as to the distance from which the gun had been fired, the defense objected, and the trial court reopened the voir dire as to the doctor’s qualifications. The doctor explained that a determination of the distance from which a gun is fired is part of a forensic pathological examination, and the trial court allowed him to testify on that subject.
We agree with the trial court. The subject of Dr. McGarry’s testimony was within his area of expertise. The evidence was properly admitted.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendant claims that the trial court erred in admitting the shotgun into evidence. Defendant asserts that no witness identified it as both the cause of death and the weapon used in ballistic tests.
At trial, the investigating officer identified a weapon as the murder weapon. Another officer testified that it was this weapon, given to him by the investigating officer, upon which the tests were performed. No objection was made at trial to the identification of the shotgun as the murder weapon, although no evidence other than the officer’s testimony was introduced. The cause of death, i.e. shotgun blast, is not disputed and photographs of the crime scene reveal only one shotgun which was identified by the officer as the one seized as the murder weapon. This coupled with a lack of objection at trial, does not provide a basis for reversal of defendant’s conviction.
This assignment of error is without merit.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.

AFFIRMED.